# In the United States Court of Federal Claims

(Pro Se)
No. 19-841T
(Filed: October 3, 2019 | Not for Publication)

|  |  |  |
|---|---|---|
| FAITH N. NELSON, | ) | Keywords: Motion to Dismiss; Subject-Matter Jurisdiction; Pro Se; Illegal Exaction; Collateral Attack; Collateral Estoppel; Issue Preclusion |
| Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

Received - USCFC

OCT 0 3 2019

*Faith N. Nelson*, Kansas City, M.O., pro se.

*Margaret E. Sheer*, Trial Attorney, U.S. Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C., with whom were *Richard E. Zuckerman*, Principal Deputy Assistant General and *David I. Pincus*, Chief, Court of Federal Claims Section, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

Plaintiff Faith Nelson, appearing pro se, brings this suit challenging an offset of her federal tax refund to pay the Missouri Department of Education for two educational loans she took out in 1982 and 1985. Presently before the Court is the government's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims. For the following reasons, the motion is **GRANTED** and Ms. Nelson's complaint is **DISMISSED without prejudice**.

## DISCUSSION

### I.     Background

Ms. Nelson received two educational loans—one in 1982 and another in 1985—both in the amount of $2,500. Compl. at 1, Docket No. 1. Ms. Nelson claims that although both loans were paid off by May 21, 1986, the Missouri Department of Higher Education continued to "garnish" her federal and state income tax refunds. Id. Most recently, according to Ms. Nelson, the Internal Revenue Service ("IRS") offset $3,464 from her federal tax refund for tax years 2014 through 2016 and $11,481 for tax years 2017 and 2018. Id. at 2.

In January 2018, Ms. Nelson filed suit in Missouri state court alleging that the United States Department of Education and the Missouri Department of Education had wrongly offset her tax refunds to apply them to her outstanding educational loans. Pet. at 1, Nelson v. Dep't of Educ., No. 1716-CV30503 (Mo. Cir. Ct. Jan. 3, 2018). The United States Department of Education removed the case to the United States District for the Western District of Missouri pursuant to 28 U.S.C. §§ 1442(a)(1), 1444, and 1446 on May 30, 2018. Notice of Removal at 1, Nelson v. Dep't of Educ., No. 4:18-cv-00412 (W.D. Mo. May 30, 2018). Ms. Nelson filed a nearly identical complaint in the same district court on July 13, 2018, including the Missouri Department of Education as a defendant. See generally Compl., Nelson v. Mo. Dep't of Educ., No. 4:18-cv-00528 (W.D. Mo. July 13, 2018). The cases were consolidated. See Order at 5, Nelson v. Dep't of Educ., No. 4:18-cv-00412 (W.D. Mo. Aug. 20, 2018) (consolidating case No. 4:18-cv-00528 with case No. 4:18-cv-00412 and designating the latter as the lead case).

Ms. Nelson's complaint against the Missouri Department of Education was dismissed for failure to state a claim. Nelson v. Dep't of Educ., No. 4:18-cv-00412, 2018 WL 6566551, at *1 (W.D. Mo. Oct. 4, 2018). The district court granted the government's motion for summary judgment as to Ms. Nelson's claims against the United States Department of Education. See Nelson v. Dep't of Educ., No. 4:18-cv-00412, 2019 WL 1529383, at *3 (W.D. Mo. Feb. 26, 2019). It found that, as of the date of its opinion, Ms. Nelson "continue[d] to owe money to [the Department of Education], and that [the Department's] continued efforts to collect that debt [were] justified." The court also found that "over the 30+ years since she signed the promissory notes, [Ms. Nelson] has rarely made payments toward her loan obligations, other than when amounts are taken from income tax refunds." Id. The court further noted that "[g]iven the interest that has accrued over these many years of non-payment, it is unsurprising that plaintiff owes more money now than the original amounts of the loans, as much of the offset money has gone to pay accrued interest, not the loan principal." Id.

Ms. Nelson filed the present complaint in the Court of Federal Claims on June 5, 2019. She requests that the Court: order a stop to the "garnishing" of her federal and state income refunds; clear her credit history; order that she be paid punitive damages for a violation of her Fourteenth Amendment rights; and direct a refund of the amount of money offset from her tax refunds from 1988 to 2018, with interest. Compl. at 4.

The government moved to dismiss Ms. Nelson's complaint for lack of subject-matter jurisdiction on August 2, 2019. See Def.'s Mot. to Dismiss at 1, Docket No. 11. It argues that to the extent Ms. Nelson challenges the IRS's authority to offset an income tax refund, she is jurisdictionally barred from doing so pursuant to I.R.C. § 6402(g). Id. at 6–7. Furthermore, it argues that any claims against the Department of Education for an improper offset constitute a collateral attack on the judgment of the United States District Court for the Western District of Missouri, which this Court lacks jurisdiction to review. Id. at 7.

For the reasons set forth below, the Court agrees that it lacks subject-matter jurisdiction over the claims raised in Ms. Nelson's complaint. It therefore grants the government's motion to dismiss.

## II.    The Government's Motion to Dismiss

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

The Tucker Act grants the United States Court of Federal Claims jurisdiction over "any claim against the United States founded . . . upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 U.S. 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc., 521 F.3d at 1343 ("[P]laintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States.") (citation omitted).

This Court lacks jurisdiction over Ms. Nelson's challenge to the offset of her federal tax refund by the IRS. Section 6402(d)(1) of the Internal Revenue Code requires the Department of the Treasury's Bureau of the Fiscal Service to "reduce the amount of any overpayment payable to [a taxpayer] by the amount of such debt [owed to a federal agency]" and to pay that offset amount to the federal agency owed the debt. Further, I.R.C. § 6402(g) "explicitly bars judicial review of any action 'brought to restrain or review a reduction authorized' by [subsection (d)] and states that '[n]o action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax." Hicks v. United States, 130 Fed. Cl. 222, 230 (2017) (quoting I.R.C. § 6402(g)).

Though the Court would have jurisdiction over an illegal exaction claim against the United States Department of Education for an improper offset, see Ibrahim v. United States, 112 Fed. Cl. 333, 336 (2013) ("This court has construed pro se complaints that seek to recover tax refunds unlawfully offset as claims for illegal exactions of tax refund offsets."), it lacks jurisdiction to hear Ms. Nelson's claim because she has already unsuccessfully pursued the issue of whether she was in default on her educational loans in district court, see Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (observing that the Court of Federal Claims "does not have jurisdiction to review the decisions of district courts").

Under the doctrine of issue preclusion, or collateral estoppel, "a judgment on the merits in a first suit precludes relitigation in a second suit of issues actually litigated and determined in the first suit." In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). "The underlying rationale of the doctrine of issue preclusion is that a party who has litigated an issue and lost should be bound

by that decision and cannot demand that the issue be decided over again." Id. The doctrine applies where:

> (1) the issue [in the second suit] is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action.

Id.

Ms. Nelson's illegal exaction claim meets these criteria. To succeed on an illegal exaction claim, she would have to demonstrate, inter alia, that the offset was "improperly paid, exacted, or taken . . . in contravention of the Constitution, a statute, or regulation." Aerolinas Argentinas v. United States, 77 F.3d 1564, 1573 (Fed. Cir. 1996) (quoting Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1007 (Ct. Cl. 1967)).[1] However, the district court has already determined that Ms. Nelson was in default on her educational loans. Nelson, 2019 WL 1529383, at *3 (granting the government's motion for summary judgment). Specifically, the district court found that Ms. Nelson "continues to owe money to [the Department of Education], and that [the Department's] continued efforts to collect that debt are justified." Id.; see also Bowman v. United States, 35 Fed. Cl. 397, 401 (1996) (explaining that "despite the existence of the elements of an illegal exaction claim over which this Court may assert jurisdiction, it is not possible to assert jurisdiction at present given the existence of ... judgments of the [] District Court"). Further, there is "no reason to doubt the quality, extensiveness, or fairness of the procedures followed in the district court." Freeman, 30 F.3d at 1467. Therefore, issue preclusion bars this Court from exercising jurisdiction over Ms. Nelson's illegal exaction claim.

Likewise, the Court does not have jurisdiction to "clear[] and straighten out" Ms. Nelson's credit history, or to enter judgment "for punitive damages for violat[ions]" of the Fourteenth Amendment. See LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (observing that claims brought under the Fourteenth Amendment are not within this Court's jurisdiction under the Tucker Act because this provision "do[es] not mandate payment of money by the government."). The Court also lacks jurisdiction over any claims brought against the Missouri Department of Education. See Shalhoub v. United States, 75 Fed. Cl. 584, 585 (2007) ("When a plaintiff's complaint names . . . state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.").

---

[1] Ms. Nelson's complaint, liberally construed, may be read to challenge the Department of Education's determination that she owes a "past-due legally enforceable debt" under 31 U.S.C. § 3720A, which sets forth the procedures by which a federal agency shall notify the Secretary of the Treasury of such debt. See Ibrahim, 112 Fed. Cl. at 337 (finding that a pro se plaintiff adequately pled an illegal exaction claim against the Department of Education where the plaintiff alleged that the Department of Education "misapplied the statute authorizing tax refund offsets").

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is **GRANTED**. Ms. Nelson's complaint must be **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge